In re RIVERMEADOWS ASSOCI-ATES, LTD., a California Limited Partnership, Debtor.

Christian Alan Guier; Alan S. Hirshberg; Robert Spetzler, Trustee of the Spetzler Family Trust; and Nancy B. Spetzler, Trustee of the Spetzler Family Trust, Appellants,

v.

Thomas M. Falcey, Trustee for the Estate of Rivermeadows Associates, Ltd., a California Limited Partnership, Appellee.

BAP No. WY–98–087.
Bankruptcy No. 95–20322.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Aug. 24, 1999.

Glenn W. Myers (Joseph F. Moore and R. Scott Garland on the brief), of Moore & Myers, Jackson, WY, for Appellants.

James R. Belcher, P.C., (Melissa L. Hughes with him on the brief), of Holland & Hart, Cheyenne, WY, for Appellee.

Before CLARK, BOHANON, and PEARSON, Bankruptcy Judges.

## OPINION

CLARK, Chief Judge.

Christian Andre Guier, Alan S. Hirshberg, and Robert and Nancy B. Spetzler as Trustees of the Spetzler Family Trust ("Claimants") appeal an order of the United States Bankruptcy Court for the District of Wyoming disallowing their respective claims against the debtor for attorneys' fees incurred in avoidance litigation that was commenced against them by Thomas M. Falcey, the Chapter 11 trustee of the debtor's estate ("Trustee"). For the reasons set forth below, the bankruptcy court is AFFIRMED.

## I. *Background*

The debtor owned real property near Jackson Hole, Wyoming upon which the Claimants were granted recreational ac-cess rights pursuant to certain license agreements ("Agreements"). Section 12 of all of the Agreements provides that:

### SECTION TWELVE

### ENFORCEMENT

In the event that either party is required to enforce the provisions of this License Agreement against the other and in so doing incurs costs and expenses, the losing party shall be liable to the other party for all costs and expenses, including reasonable attorney's fees. .

Appellants' Appendix, p. 0513.

Within two years of the debtor's petition date, the Trustee commenced an adversary proceeding against the Claimants to avoid their "interest ... in the property" pursuant to 11 U.S.C. §§ 544(b) and 548, due to some claimed deficiencies in the Agreements. Appellants' Appendix, p. 0062. The Claimants answered the Trustee's complaint, and asserted three counterclaims, including a claim for attorneys' fees and costs under Section 12 of the Agreements, quoted above.

In the meantime, the Trustee sold the property subject to the Agreements to a third party. The Trustee, who was required to continue the avoidance litigation as a condition of the property sale, filed a motion for summary judgment against the Claimants in the adversary proceeding. The Claimants filed a cross motion for summary judgment, asserting, in part, that the Trustee no longer had standing to pursue the avoidance action in light of the property sale. The bankruptcy court granted the Claimants' motion and dismissed the Trustee's complaint as moot as a result of the property sale ("Adversary Order"). In its Adversary Order, the bankruptcy court dismissed the Claimants' counterclaims.

After the bankruptcy court entered its Adversary Order, the Claimants each filed proofs of claim in the debtor's case, seek-

ing attorneys' fees that they had incurred in the avoidance action.[1] The Trustee objected to the Claimants' proofs of claim, and the Claimants responded. After a hearing, the bankruptcy court entered an order sustaining the Trustee's objection to the proofs of claim, and disallowed the claims ("Claims Order"). The Claimants timely filed this appeal from the bankruptcy court's final Claims Order. *See* 28 U.S.C. §§ 158(a)(1) & (c)(1); Fed. R. Bankr.P. 8001(a) & 8002(a); 10th Cir. BAP L.R. 8001–1.

## II. *Discussion*

The issue before us is whether the bankruptcy court erred in disallowing the Claimants' claims for attorneys' fees. The parties agree that the claims for attorneys' fees are based solely on the terms of Section 12 of the Agreements. We conclude that the bankruptcy court did not err in disallowing the Claimants' claims because Section 12 of the Agreements does not apply to the Trustee's avoidance action against the Claimants.

Section 12 of the Agreements provides for the award of attorney's fees and costs if *"either party* is required to enforce *the provisions* of [the] License Agreement *against the other."* Appellants' Appendix, p. 0513 (emphasis added). This language clearly anticipates that fees and costs would be payable only if the debtor enforced the Agreements against the Claimants or if the Claimants enforced the Agreements against the debtor. The Trustee's avoidance action did not involve the debtor. The Trustee is not a "party" to the Agreements, and the avoidance action that he commenced against the Claimants was not within the scope of Section 12 of the Agreements.

In commencing the avoidance action against the Claimants, the Trustee was not acting as a successor to the debtor's interest in a claim included in the estate under

11 U.S.C. § 541. Thus, there is no argument that he was pursuing a claim of the debtor under the Agreements. *See Sender v. Simon,* 84 F.3d 1299, 1304 (10th Cir. 1996) ("Causes of action commenced by a trustee on behalf of a debtor estate fall into two broad categories: (1) actions brought by the trustee as successor to the debtor's interests included as property of the estate under 11 U.S.C. § 541, and (2) actions brought under one of the trustee's avoidance powers."). Rather, he acted totally outside of the Agreements, proceeding pursuant to the avoidance powers conferred on him by the Bankruptcy Code. *Id.* Thus, Section 12 of the Agreements is not applicable.

Moreover, for Section 12 of the Agreements to apply, it requires that either the debtor or the Claimants enforce "the provisions" of the Agreements. In this case, the Trustee's avoidance action in no way sought to enforce the provisions of the Agreements, but rather was enforcing the avoidance powers provided to him exclusively under the Bankruptcy Code.

Since Section 12 of the Agreements does not apply to the Trustee's avoidance action, the bankruptcy court did not err in disallowing the Claimants' claims for attorneys' fees. As such, the bankruptcy court should be affirmed.

## III. *Conclusion*

For the reasons stated herein, the bankruptcy court's Claims Order is hereby AFFIRMED.

---

1. Each Claimants' proof of claim asserted that he or she was entitled to $22,954.28 in fees and costs, which represents one-third of the total fees and costs allegedly incurred in the avoidance action.